**Judith PERLMAN, Plaintiff,**

**v.**

**SWISS BANK CORPORATION COMPREHENSIVE DISABILITY PROTECTION PLAN, Swiss Bank Corporation Short–Term Disability Plan, Swiss Bank Corporation Long–Term Disability Plan, Swiss Bank Corporation, Thomas L. Jacobs & Associates, Inc., UNUM America, and First UNUM Life Insurance Company, Defendants.**

No. 95 C 6610.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 27, 1996.

George Edward Weaver, Law Office of George E. Weaver, Chicago, IL, for Judith Perlman.

Thomas B. Quinn, Jody Lynn Rudman, Schiff, Hardin & Waite, Chicago, IL, for Swiss Bank Corporation Short–Term Disability Plan, Swiss Bank Corporation Long–Term Disability Plan, Swiss Bank Corporation.

Mary Patricia Benz, Catherine J. Casey, Quinlan & Crisham, P.C., Chicago, IL, for Thomas L. Jacobs & Associates, Inc., UNUM America, UNUM Life Insurance Company of America.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Several defendants have filed a motion to dismiss Ms. Perlman's complaint seeking benefits under ERISA. For the reasons stated below, Count I of plaintiff's complaint will not be dismissed, but the allegations of paragraph 16 and the requests for compensatory and punitive damages will be stricken. Count II will be dismissed.

■ In Count I, Ms. Perlman claims a "wrongful failure to pay benefits." As such, her complaint looks like a suit under Section 502(a)(1)(B) "to recover benefits due to [her] under the terms of [her] plan," and therefore will not be dismissed. 29 U.S.C. § 1132(a)(1)(B). Her claim for extracontrac-

tual or punitive damages, however, may not stand. *See Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985); *Harsch v. Eisenberg,* 956 F.2d 651, 660 (7th Cir.), *cert. denied sub nom. Bihler v. Eisenberg,* 506 U.S. 818, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992). Consequently, paragraph 16 of her complaint, in which Ms. Perlman claims emotional distress and other damages as a result of the plan's failure to pay, will be stricken.

■ In Count II, Ms. Perlman claims that by denying her benefits, the defendants have breached their fiduciary duties to her. Her claim, however, is really just one for benefits under the plan. She does not allege a breach of fiduciary duty other than the fiduciaries' failure to pay benefits to which she is due under the plan. I join Judge Zagel and "[o]ther courts [who] have refused to permit a denial of benefits claim to be bootstrapped into a fiduciary duty claim." *Lister v. Stark,* No. 88 C 9801, 1989 WL 88241, at *6 (N.D.Ill. Aug. 1, 1989). *See also Schoonmaker v. Employee Savings Plan,* 987 F.2d 410, 414–15 (7th Cir.1993) (citing *Lister* with approval and finding no breach of fiduciary duty in a different factual context).

■ Moreover, even if I were to find that Ms. Perlman had alleged a breach of fiduciary duty separate from her claim for plan benefits, the remedy she seeks, compensatory damages, is unavailable under ERISA for a breach of fiduciary duty claim. *See* 29 U.S.C. § 1132(a)(3)(B) (authorizing suit only for an injunction or "other appropriate equitable relief"); *Mertens v. Hewitt Associates,* 508 U.S. 248, 255, 113 S.Ct. 2063, 2068, 124 L.Ed.2d 161 (1993) ("Money damages are, of course, the classic form of *legal* relief") (emphasis in original); *Harsch, supra,* 956 F.2d at 656–57. Ms. Perlman attempts to avoid this result by asserting a claim for restitution, one of the equitable remedies allowed by Section 502(a)(3). Because Ms. Perlman seeks essentially only her benefits under the terms of the plan, she may not state a claim for restitution. "[R]estitution is unavailable where an express contract governs the parties' relationship and where there is an adequate remedy at law." *Gadsby v. Norwalk Furniture Corp.,* 71 F.3d 1324, 1333 (7th

Cir.1995). Here, the plan constitutes an express contract and Ms. Perlman's legal remedy under Count I of her complaint is adequate. Accordingly, Count II is dismissed.

Finally, defendant Swiss Bank Corporation contends that, as a plan administrator, it is not a proper defendant in a suit for plan benefits. *See, e.g. Pecor v. Northwestern Nat'l Ins. Co.,* 869 F.Supp. 651, 653 (E.D.Wis.1994) ("[O]nly the plan as an entity may be sued for benefits due under a plan.") (citations omitted). Ms. Perlman responds that, in any event, Swiss Bank Corporation is a proper defendant in a suit for breach of fiduciary duty. Because I dismiss Ms. Perlman's claim for breach of fiduciary duty, however, I dismiss Swiss Bank Corporation from the complaint entirely.